FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.    C/M
★ JUN 16 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ROBERT RAMIREZ,

        Petitioner,

  -against-

WILLIAM D. BROWN,
Superintendent, Eastern Correctional Facility,

        Respondent.
----------------------------------------------------------X

**MEMORANDUM DECISION AND ORDER**

10 Civ. 2044 (BMC)

**COGAN**, District Judge.

On April 30, 2010, *pro se* petitioner Robert Ramirez filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, petitioner is directed to submit an affirmation, within thirty (30) days of the date of this Order, showing cause why the petition should not be dismissed as time-barred.

## Background

Petitioner challenges the September 9, 2004 judgment of the Supreme Court, Queens County, in which he was convicted after a jury trial of two counts of robbery in the first degree, one count of robbery in the second degree, and criminal possession of a weapon in the second degree. He was sentenced to 12 years imprisonment. The Appellate Division, Second Department, affirmed the conviction on September 18, 2007, and his application for leave to appeal to the New York Court of Appeals was denied on February 29, 2008. People v. Ramirez, 43 A.D.3d 1086, 841 N.Y.S.2d 457 (2d Dept. 2007), leave to app. den., 10 N.Y.3d 770, 854 N.Y.S.2d 332 (2008). Petitioner did not appeal to the United States Supreme Court.

Petitioner also filed two post-conviction motions in New York state court. He asserts that he filed a motion for collateral relief pursuant to New York Criminal Procedure Law § 440.10, which was denied on April 27, 2009. See Petition ¶ 11. He also filed an application for a writ of error coram nobis, which the Appellate Division, Second Department, denied on December 15, 2009. People v. Ramirez, 889 N.Y.S.2d 860, 68 A.D.3d 1020 (2d Dept. 2009). The Court received the instant petition on April 30, 2010.

## Discussion

I. The AEDPA Statute of Limitations

In enacting the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress established a one-year period of limitations for the filing of an application for a writ of habeas corpus by a person in custody pursuant to a State court judgment. See 28 U.S.C. § 2244(d)(1). The AEDPA provides that the limitation period shall run from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If a "properly filed" application for State post-conviction or other collateral review with respect to the judgment of conviction was "pending" at any time during

that one-year period, the time during which this application was pending does not count toward the one-year period. 28 U.S.C. § 2244(d)(2).

Moreover, the AEDPA statute of limitations is not jurisdictional and may be equitably tolled. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam), cert. denied, 531 U.S. 840 (2000). "Equitable tolling, however, is only appropriate in 'rare and exceptional circumstances.'" Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001), cert. denied, 535 U.S. 1017 (2002) (quoting Smith, 208 F.3d at 17). A petitioner "must demonstrate that he acted with 'reasonable diligence' during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing during that time." Id.; see also Baldayaque v. United States, 338 F.3d 145, 152-53 (2d Cir. 2003); Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000).

A district court can "raise a petitioner's apparent failure to comply with the AEDPA statute of limitation on its own motion." Acosta v. Artuz, 221 F.3d 117, 121 (2d Cir. 2000); see also Day v. McDonough, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition"). However, "unless it is unmistakably clear from the facts alleged in the petition, considering all of the special circumstances enumerated in Section 2244(d)(1), equitable tolling, and any other factors relevant to the timeliness of the petition, that the petition is untimely, the court may not dismiss a Section 2254 petition for untimeliness without providing petitioner prior notice and opportunity to be heard." Acosta, 221 F.3d at 125 (citing Snider v. Melindez, 199 F.3d 108, 113 (2d Cir. 1999), and Lugo v. Keane, 15 F.3d 29, 30 (2d Cir. 1994)).

II. Application of the Law to this Case

The facts alleged in the petition are insufficient to determine whether petitioner's application for habeas corpus relief pursuant to 28 U.S.C. § 2254 was filed within the statute of limitations. The Court of Appeals denied leave to appeal on February 29, 2008. As petitioner did not pursue his appeal to the United States Supreme Court, the judgment of conviction became final ninety days later on May 29, 2008, when the time to seek a writ of certiorari expired. If 28 U.S.C. § 2244(d)(1)(B)-(D) are inapplicable to this case, petitioner had one year from that date, until May 29, 2009, to file his petition.

Petitioner may benefit from statutory tolling under 28 U.S.C. § 2244(d)(2) if his state petitions for post-conviction relief were pending during that period and beyond, but he does not indicate the dates on which he filed his § 440.10 motion and his application for a writ of error coram nobis.

Accordingly, petitioner is directed to show cause by affirmation, within thirty (30) days from the date of this Order, why the AEDPA statute of limitations should not bar the instant petition.[1] See Day, 547 U.S. at 209-10; Acosta, 221 F.3d at 125. He must state the dates on which he submitted his post-conviction motions to state court. If he believes that 28 U.S.C. § 2244(d)(1)(B), (C), or (D) apply to this case or should he have a basis to ask the Court to equitably toll the statute of limitations, he shall present the facts to the Court in his affirmation and shall append to his affirmation documentary evidence, if available, supporting his allegations. No response shall be required from respondent at this time and all further proceedings shall be stayed for thirty (30) days or until the petitioner has complied with this

---

[1] An affirmation form is attached to this Order for petitioner's convenience.

4

Order. If petitioner fails to comply with this Order within the time allowed, the instant petition may be dismissed as time-barred.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
      June 15, 2010

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
ROBERT RAMIREZ,

                Petitioner,                              **PETITIONER'S AFFIRMATION**

        -against-                                        10 Civ. 2044 (BMC)

WILLIAM D. BROWN,
Superintendent, Eastern Correctional Facility,

                Respondent.
---------------------------------------------------------x

STATE OF NEW YORK   }
                             } ss:
COUNTY OF _____  }

      I, ROBERT RAMIREZ, make the following affirmation under the penalties of perjury:

1.     I am the petitioner in this action and I respectfully submit this affirmation in response to the Court's order dated _____, 2010. The instant petition should not be time-barred by the AEDPA's one-year statute of limitations because _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____ [YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

2. In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

Dated: _____

_____
Signature

_____
Address

_____
City, State & ZIP