FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ APR 29 2011
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
ROBERT RAMIREZ,

               Petitioner,

   - against -

WILLIAM D. BROWN, Superintendent,
Eastern Correctional Facility,

               Respondent.
---------------------------------------------------------- X

**MEMORANDUM
DECISION AND ORDER**

10 Civ. 2044 (BMC)

**COGAN**, District Judge.

This matter is before the Court on a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition is denied and the case is dismissed.

## BACKGROUND

### I. The Crime and the Trial

On November 10, 2002, Gerardo Gonzalez was beaten and robbed at gun and knifepoint by a group of men. After receiving a report over the radio of a dispute, two police officers arrived at the scene, at which time they spotted petitioner and three other males. They stopped the four males and began asking questions; when one of them appeared reluctant to take his hand from his pocket, the officers searched him and found a gun. Another one of the group threw a knife to the ground. While at the scene, Gonzalez identified petitioner as one of his assailants. Petitioner and the other three were arrested. As a result, petitioner was charged with multiple counts of robbery, assault, weapons possession, and possession of stolen property.

Prior to trial, petitioner successfully moved to suppress Gonzalez's on-the-scene identification of him; but the court determined that Gonzalez would have later identified petitioner even without the on-the-scene identification. Based on Gonzalez's testimony that the conditions of the attack allowed him to see his attackers, and his testimony that he had seen petitioner before the incident, the court allowed Gonzalez to make an in-court identification of petitioner.

The jury convicted petitioner of two counts of first degree robbery, one count of second degree robbery, and one count of second degree weapons possession, while acquitting him of two counts of fourth degree weapons possession. The court sentenced him to an aggregate term of twelve years.

## II. Post-Conviction Proceedings

On direct appeal, petitioner raised a single ground: ineffective assistance of trial counsel. The claim was based on a panoply of alleged errors, some based on the record but others not. In affirming, the Appellate Division rejected on the merits the part of the claim that was based on the record, and declined to review the portion involving matters beyond the record. The Court of Appeals denied leave to appeal. People v. Ramirez, 43 A.D.3d 1086, 841 N.Y.S.2d 457 (2d Dep't 2007), leave to app. den., 10 N.Y.3d 770, 854 N.Y.S.2d 332 (2008).

Thereafter, petitioner filed a *pro se* motion pursuant to section 440.10 of the New York Criminal Procedure Law ("440 Motion"), to vacate the judgment based on a prosecutorial failure to turn over alleged interview notes of Gonzalez. That issue, however, was fully explored on the record at trial, and the court accordingly held that petitioner, having not raised the claim on direct appeal, was procedurally barred from raising it in collateral proceedings. The Appellate Division subsequently denied leave to appeal that decision.

Petitioner then filed a motion with the Appellate Division for a writ of error *coram nobis* on the ground that his appellate counsel rendered ineffective assistance. The Appellate Division denied petitioner's motion on the merits, and the Court of Appeals denied leave to appeal. People v. Ramirez, 68 A.D.3d 1020, 889 N.Y.S.2d 860 (2d Dep't 2009), leave to app. den., 14 N.Y.3d 844, 901 N.Y.S.2d 150 (2010).

## DISCUSSION

### I. Ineffective Assistance of Trial Counsel

Petitioner's attack on direct appeal as to his trial counsel's effectiveness, apparently through retained appellate counsel Jose A. Muniz, was hardly a model of clarity. For the most part, petitioner's brief contained vague and conclusory allegations, some pertaining to matters on the record and some off, without distinguishing between the two, sandwiched between boilerplate recitations of principles from state and federal case law. The brief was so poorly done, and apparently submitted without proofreading, that although Mr. Muniz intended to quote from specific portions of the trial record, in at least two instances, the record quotations were omitted, leaving in directions to a secretary or paralegal that never got implemented, e.g., "(Type in opening statement here:)" and "(Cite to complainant's identification testimony in grand jury testimony, hearing testimony and trial testimony)" [sic].

Despite this inadequacy, it is possible to identify a number of alleged failures in trial counsel's performance, most of which were based on the record. The Appellate Division dismissed those claims on the merits. It also denied the claim that counsel failed to investigate and prepare for trial because it went beyond the record. See, e.g., People v. Villacreses, 12 A.D.3d 624, 626, 785 N.Y.S.2d 103, 105 (2d Dep't 2004).

3

### a. On-the-Record Claims

Petitioner alleges that counsel (1) elicited damaging information; (2) disregarded an obvious credible theory of defense; (3) failed to utilize serious discrepancies regarding Gonzalez's recollection of the incident, and disregarded omissions from prior testimony and police reports; and (4) presented confusing and ineffective closing and opening arguments. Petitioner can only prevail by showing that the Appellate Division's dismissal of these claims on the merits was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the [U.S.] Supreme Court." 28 U.S.C. § 2254(d); see also Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495 (2000).

A petitioner claiming ineffective assistance of counsel must prove two things. First, petitioner must prove that counsel's representation "fell below an objective standard of reasonableness" according to "prevailing professional norms." Strickland v. Washington, 466 U.S. 668, 688, 104 S. Ct. 2052 (1984). Second, petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Because this Court only considers whether the state court's determination was unreasonable, and because there is a strong presumption that counsel's assistance was effective, the standard of judicial review applicable to ineffective assistance of counsel claims under § 2254(d) is "doubly deferential." Knowles v. Mirzayance, 129 S. Ct. 1411, 1420 (2009).

Petitioner's first three claims are unsubstantiated by the record. Although petitioner claims that counsel elicited damaging information at trial, the record does not reveal and petitioner never specifies what the information was or how it was damaging. Additionally, contrary to petitioner's contentions that counsel failed to utilize inconsistencies in witness

4

testimony and police reports, and disregarded an obvious credible theory of defense, the record reflects that counsel used discrepancies in Gonzalez's testimony and inconsistencies in the police reports to pursue the same theory of defense petitioner submits: misidentification. Pursuant to this theory, counsel successfully moved to suppress Gonzalez's on-the-scene identification of petitioner. He also confronted Gonzalez about at least three significant inconsistencies in his testimony: his denial that he made statements about petitioner to the police that were reflected on the criminal complaint, his inability to describe what his assailants were wearing, and his contradictory statements regarding how many times he had allegedly seen petitioner prior to the incident.

Nor has petitioner shown that counsel's opening and closing statements were confusing and ineffective. The record shows that counsel used his opening statement to forewarn the jury that the knife in evidence would not correspond to Gonzalez's testimony, that there would be no evidence of the money that was allegedly taken, and that Gonzalez would contradict himself. In his closing statement, counsel listed nine instances in which he elicited those inconsistencies during trial. His opening and closing statements were grounded in sound strategy; they cannot be deemed confusing or ineffective. The record does not support petitioner's claims and he does not allege that the Appellate Division overlooked any facts when reaching its conclusion. Therefore, it was not an unreasonable or contrary application of <u>Strickland</u> to dismiss them on the merits.

### b. <u>Off-the-Record Claim</u>

Petitioner's claim that trial counsel was ineffective for failing to investigate and prepare for trial involves matters beyond the record, which means it must be raised in a post-conviction motion under N.Y. Penal L. §440.10 to vacate judgment. <u>See, e.g.</u>, <u>People v. Brown</u>, 45 N.Y.2d

852, 410 N.Y.S.2d 287 (1978). Petitioner did not raise this claim in a § 440.10 motion, and the Appellate Division did not rule on it on direct appeal. Accordingly, it is unexhausted. See, e.g., Davis v. Green, No. 04 Civ. 6132, 2008 U.S. Dist. LEXIS 4968, at *27 (S.D.N.Y. Jan. 22, 2008).

Although petitioner may bring a second motion under § 440.10 for his unexhausted claim, see N.Y. Crim. Proc. Law § 440.10(3)(c); see also Borcyk v. Lempke, 727 F. Supp. 2d 189 (W.D.N.Y. 2010), and his claim is therefore unexhausted but not procedurally barred in state court, I exercise my discretion to deny it on the merits. I have three options when faced with a petition mixed with exhausted and unexhausted claims: "(1) dismiss the petition; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims; or (3) deny the petition on the merits pursuant to § 2254(b)(2) notwithstanding the failure of the petitioner to exhaust." McGuire v. Walsh, No. 09 Civ. 464, 2010 U.S. Dist. LEXIS 88928, at *23 (E.D.N.Y. Aug. 26, 2010) (citing Rhines v. Weber, 544 U.S. 269, 277, 125 S. Ct. 1528 (2005)); see also Colvin v. Rock, No. 06 Civ. 00922, 2009 U.S. Dist. LEXIS 9546, at * 5 (N.D.N.Y. Feb. 10, 2009). This Court would "abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless," Rhines, 544 U.S. at 277, which is when "none of the facts petitioner alleges could rise to the level of a constitutional violation." Davis, 2008 Dist. LEXIS 4968, at *29. Accordingly, I deny this claim "on the merits notwithstanding the failure of the applicant to exhaust the [state court] remedies." 28 U.S.C. § 2254(b)(2). While the record shows that counsel formulated a theory of misidentification, investigated at least one character witness to testify to petitioner's favorable reputation, and mastered the facts of the case in order to confront Gonzalez on cross-examination about his prior inconsistent statements, petitioner does not allege any facts supporting his contention, let alone any facts that rise to the level of a constitutional violation.

In addition, because no state court has reviewed all of petitioner's claims together, I have reviewed this claim with his on-the-record-claims since ineffective assistance of counsel "can turn on the cumulative effect of all counsel's actions." Rodriguez v. Hoke, 928 F.2d 534, 538 (2d Cir. 1991). Petitioner's claim fails under the first prong of Strickland. The record shows that trial counsel was effective and belies any suggestion that his performance fell below the constitutional standard.

## II. Ineffective Assistance of Appellate Counsel

As an initial matter, I note that, read liberally, it seems that petitioner makes one claim for the first time in his reply: that appellate counsel provided ineffective assistance by raising claims that were inappropriate for direct appeal, which should have been raised in his 440 Motion instead.[1] Petitioner has raised other ineffective assistance of appellate counsel claims by writ of error *coram nobis*, but he did not include this one. Since such claims "must be brought by writ of error *coram nobis* to the appellate court where counsel's conduct occurred," and petitioner has not done so for this claim, it is unexhausted.[2] Jackson v. Reynolds, No. 87 Civ. 2045, 1988 U.S. Dist. LEXIS 14426, at *1 (E.D.N.Y. Dec. 8, 1988); see also 28 U.S.C. § 2254(b)(1)(A).

---

[1] Appellate counsel made the same claims on direct appeal that petitioner now asserts in his habeas petition regarding his trial counsel's alleged ineffective assistance.

[2] Petitioner will likely be procedurally barred from bringing this claim by a second writ of error *coram nobis* in state court since he does not base the claim "upon any new facts not offered in the prior motion" or "demonstrate a change in law that would change the prior determination;" nor does he provide "reasonable justification for the failure to present such facts in the prior motion." N.Y. C.P.L.R. 2221(e); see also Green v. N.Y. City Hous. Auth., 238 A.D. 458, 459, 724 N.Y.S.2d 631 (2d Dep't 2001) ("In light of the mandatory language used by the Legislature in C.P.L.R. 2221(e)(3), we reject the plaintiffs' contention that the Supreme Court had discretion to grant renewal, notwithstanding their omission of a reasonable justification for their failure to present new facts upon which their motion for leave to renew was based to the Supreme Court on their prior motion").

7

Petitioner also asserts, as he did in his writ of error *coram nobis*, that appellate counsel rendered ineffective assistance for failing to argue on direct appeal that (1) trial counsel was ineffective for failing to protest Gonzalez's on-the-scene identification of petitioner; (2) trial counsel was ineffective for failing to object to Gonzalez's assertion that he was familiar with petitioner; (3) the trial court erroneously allowed Gonzalez to make an in-court identification of petitioner; and (4) trial counsel was ineffective because he did not make an evidentiary argument when moving to dismiss petitioner's robbery charges. The Appellate Division denied these claims on the merits. Accordingly, this Court must determine whether that decision was "contrary to, or an unreasonable application of, clearly established federal law." 28 U.S.C. § 2254(d)(1); see, e.g., Anderson v. Superintendent, No. 07 Civ. 1341, 2010 U.S. Dist. LEXIS 133259, at *3 (N.D.N.Y. Oct. 21, 2010).

First, petitioner claims that Mr. Muniz should have argued on direct appeal that trial counsel was ineffective for failing to move to suppress Gonzalez's identification of petitioner because such identification was the fruit of petitioner's unlawful arrest.[3] However, trial counsel did not commit the error petitioner alleges. Counsel contested the stop leading up to petitioner's arrest, objected to his on-the-scene identification, and ultimately prevailed in having the on-the-scene identification suppressed.

Second, petitioner asserts that Mr. Muniz should have argued that trial counsel was ineffective because he did not object to Gonzalez's testimony that he recognized petitioner as someone who lived near his aunt. Instead, trial counsel cross-examined Gonzalez about the credibility of his statement, which petitioner infers only served to bolster Gonzalez's assertion.

---

[3] Petitioner interchangeably refers to this identification as "in-court identification" and "show-up identification." The Court assumes petitioner is referring to on-the-scene identification in this claim since he argues that it arose out of an allegedly unlawful arrest.

8

He concludes that Mr. Muniz should have recognized trial counsel's deficiency and raised it on direct appeal. However, cross-examining Gonzalez allowed trial counsel to confront him with his prior testimony and his statement to the police that he did not know any of his assailants, which counsel used in an attempt to undermine Gonzalez's credibility. Furthermore, "[d]ecisions about 'whether to engage in cross-examination, and if so to what extent and in what manner, are ... strategic in nature' and generally will not support an ineffective assistance claim." Dunham v. Travis, 313 F.3d 724, 732 (2d Cir. 2002) (quoting United States v. Nersesian, 824 F.2d 1294, 1321 (2d Cir. 1987)). A "mere disagreement with counsel's trial strategy does not rebut" the strong presumption that trial counsel's representation was reasonable. Garcia v. Kuhlmann, 897 F. Supp. 728, 730 (S.D.N.Y. 1995).

Third, petitioner claims that appellate counsel was ineffective because he did not argue on direct appeal that the trial court erroneously allowed Gonzalez to make an in-court identification of petitioner. The trial court based its conclusion on Gonzalez's testimony that he was able to observe petitioner for "[a]lmost 10 minutes," that he was "able to recognize some of the faces" of his attackers -- including petitioner's -- with the aid of the streetlights and store lights, that petitioner was standing "about two feet" away from him during the attack, and that petitioner "lives three houses away from where my aunt lives." These findings support the court's conclusion.

Fourth, petitioner claims that Mr. Muniz was ineffective because he failed to argue that trial counsel should have based his motion to dismiss petitioner's robbery charges on the specific ground that the prosecution did not prove that the gun the police recovered was the gun used in the robbery. However, the prosecution directly connected the gun to the robbery; Gonzalez identified the gunman via photograph and the arresting officer testified that the photograph

9

depicted the individual from whom he recovered the gun. Further, Gonzalez stated that petitioner gave the accomplices instructions as they assaulted and robbed him. In light of this evidence, appellate counsel was "entitled to choose among the many potential claims and press those it believe[d] [would] be most successful on appeal." Brown v. Artus, No. 04 Civ. 3601, 2009 U.S. Dist. LEXIS 44789, at *16 (S.D.N.Y. May 26, 2009). Despite Mr. Muniz's clearly unprofessional errors discussed earlier, I find that it was not an unreasonable application of Strickland for the Appellate Division to deny petitioner's claims against him on the merits; counsel's performance did not so prejudice the appeal that "the result...would have been different." Strickland, 466 U.S. at 694.

### III. Rosario Claim

Petitioner's claim that he was denied a fair trial by the prosecutor's failure to disclose alleged interview notes is not cognizable on habeas review. In New York, a criminal defendant is entitled to the prior statements of the prosecution's witnesses ("Rosario material"), see People v. Rosario, 9 N.Y.2d 286, 213 N.Y.S.2d 448 (1961); see also N.Y. Crim. Proc. Law § 240.45(1)(a), but "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67, 112 S. Ct. 475 (1991). Accordingly, "the failure to turn over Rosario material is not a basis for habeas relief as the Rosario rule is purely one of state law."[4] Randolph v. Warden, Clinton Corr. Facility, No. 04 Civ. 6126, 2005 LEXIS 26096, at *20 (S.D.N.Y. Nov. 1, 2005).

---

[4] Although petitioner states only a Rosario claim, given the overlap between the two doctrines, see, e.g., Nance v. Conway, No. 06 Civ. 0615, 2010 U.S. Dist. LEXIS 6221 (W.D.N.Y. Jan. 26, 2010), the Court has considered whether petitioner is also asserting a claim pursuant to Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963). Since petitioner does not argue that the alleged evidence would have been exculpatory or impeaching, but only that the State willfully suppressed witness notes, petitioner's contention does not constitute a Brady claim.

10

## CONCLUSION

For the reasons set forth above, the petition is dismissed. Petitioner has failed to make a substantial showing of the denial of a constitutional right. A certificate of appealability shall not issue. See 28 U.S.C. § 2253. Further, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917 (1962). The Clerk of the Court is directed to enter judgment and mail a copy of this Order to petitioner *pro se*.

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
April 28, 2011